UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN MULLEN, JR.,

                Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

Case # 16-CV-476-FPG

DECISION AND ORDER

John Mullen, Jr. ("Mullen" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On April 30 2012, Mullen protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 157-77. He alleged that he had been disabled since January 1, 2012 due to mania, paranoia, depression, and anxiety. Tr. 199. On October 16, 2013, Mullen

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2] References to "Tr." are to the administrative record in this matter.

and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Bruce R. Mazzarella ("the ALJ"). Tr. 36-93. On May 27, 2014, the ALJ issued a decision finding that Mullen was not disabled within the meaning of the Act. Tr. 14-31. On April 14, 2016, the Appeals Council denied Mullen's request for review. Tr. 1-4. Thereafter, Mullen commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Mullen's claim for benefits under the process described above. At step one, the ALJ found that Mullen had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Mullen has the following severe impairments: bipolar disorder, manic-depressive psychosis, schizophrenia, paranoid anxiety, and marijuana dependency that exacerbates his other mental impairments. *Id.* At step three, the ALJ found that these impairments met sections 12.03, 12.04, 12.06, and 12.09 of the Listings. Tr. 17-22.

Pursuant to the SSA's regulations regarding drug or alcohol abuse ("DAA") the ALJ considered the effect of Mullen's marijuana abuse on the disability finding. Tr. 20-30; *see* 42 U.S.C. §§ 423(c)(1)(A)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. The ALJ concluded that if Mullen stopped abusing marijuana he would continue to have severe impairments but that those impairments, alone or in combination, would not meet or medically equal any impairment in the Listings. Tr. 22-24.

Next, the ALJ determined that if Mullen stopped abusing marijuana he would retain the RFC to perform the full range of work at all exertional levels but with nonexertional limitations. Tr. 24-29. Specifically, the ALJ found that Mullen could perform only simple, repetitive, and routine tasks in a low contact work environment with the public and coworkers. Tr. 24.

At step four, the ALJ found that if Mullen stopped abusing marijuana this RFC would prevent him from performing his past relevant work as a short order cook. Tr. 29. At step five, the ALJ relied on the VE's testimony and found that if Mullen stopped abusing marijuana he could adjust to other work that exists in significant numbers in the national economy given his

RFC, age, education, and work experience. Tr. 29-30. Specifically, the VE testified that Mullen could work as a housekeeper, handpacker, and packing machine tender. Tr. 30. Accordingly, the ALJ concluded that Mullen was not "disabled" under the Act. *Id.*

## II. Analysis

Mullen argues that remand is required because the ALJ erred when he determined that DAA was a material factor contributing to his disability. ECF No. 11-1, at 16-21. Specifically, Mullen asserts that the ALJ reached this conclusion by improperly rejecting an opinion rendered during a period of abstinence[3] and ignoring an opinion from his psychiatrist. *Id.* The Court agrees.

A claimant is not considered disabled under the Act if DAA would "be a contributing factor material to the Commissioner's determination that the individual is disabled." *See* 42 U.S.C. §§ 423(c)(1)(A)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. "When DAA is shown to be at issue in a claim, the ALJ must make a finding as to the materiality of DAA to the claimant's disability, and this finding must be supported by substantial evidence." *Straughter v. Comm'r of Soc. Sec.*, No. 12-CV-825 DAB DCF, 2015 WL 6115648, at *21 (S.D.N.Y. Oct. 16, 2015) (citing *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 126 (2d Cir. 2012)). This finding can be "based on the record as a whole" and "need not rely on any predictive opinions." *Id.* The materiality finding requires the ALJ to evaluate disability a second time to determine "whether the individual would still be disabled if he or she stopped using drugs or alcohol." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 378 (S.D.N.Y.2008) (citing 20 C.F.R. § 416.935(b)(2)); *see also* 20 C.F.R. § 404.1535(b)(2). It is the plaintiff's burden to establish that DAA is immaterial to the disability determination. *See Cage*, 692 F.3d at 123; S.S.R. 13-2p, 2013 WL 621536, at *4.

---

[3] A "period of abstinence" is "a period in which a claimant who has, or had, been dependent upon or abusing drugs or alcohol and stopped their use." S.S.R. 13-2p, Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 2013 WL 621536, at *8 n.17 (S.S.A. Feb. 20, 2013).

Here, the ALJ's decision identifies a period of marijuana abstinence from May to September 2012. Tr. 25-26. The ALJ found that "during this period of abstinence, [Mullen] had significant improvement in his co-occurring mental impairments and that his substance abuse is material to the issue of disability." Tr. 25. The ALJ cited various treatment notes indicating, among other things, that Mullen denied hallucinations, paranoia, depression, mania, and homicidal ideation during this time. Tr. 26. The ALJ's decision, however, overlooks two key medical opinions that undermine his finding that DAA is material to Mullen's disability determination.

On June 15, 2012, during Mullen's period of abstinence, licensed mental health counselor Anna Marie Bruschi-Skop ("Ms. Bruschi-Skop") wrote a letter opining that Mullen "is not able to work at this time due to the instability of his symptoms." Tr. 341. Psychiatrist Hong Rak Choe, M.D. ("Dr. Choe") co-signed this letter. *Id.* The ALJ discussed this opinion in his decision, but he failed to recognize that Dr. Choe co-signed the opinion. Tr. 28. Even though an acceptable medical source co-signed the letter, the ALJ discounted the opinion in part because Ms. Bruschi-Skop is an "other source" whose opinion may be considered but need not be given controlling weight. Tr. 28; *see* 20 C.F.R. §§ 404.1513(d), 416.913(d) (effective June 13, 2011 to Sept. 2, 2013); S.S.R. 06-03p, Titles II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006).

There is no evidence, however, that this letter did not reflect Dr. Choe's opinion and therefore the ALJ should have considered it an opinion from an "acceptable medical source." *See, e.g.*, *Vongsouvanh v. Comm'r of Soc. Sec.*, No. 6:13-CV-1581 TJM/ATB, 2015 WL 926200, at *9 (N.D.N.Y. Mar. 3, 2015) (noting that the ALJ should have deemed a medical source

statement by a nurse practitioner that the plaintiff's doctor co-signed to be an acceptable medical source's report); *see also* 20 C.F.R. §§ 404.1502(a)(1), 416.902(a)(1). Thus, the ALJ should have considered the following factors when he weighed that opinion: (1) whether Dr. Choe examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether Dr. Choe presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) Dr. Choe's specialty and whether his opinion related to his area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Although Dr. Choe's opinion that Mullen cannot work is an issue that is reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), in DAA cases "evidence from a period of abstinence is the best evidence for determining whether a physical impairment(s) would improve to the point of nondisability." S.S.R. 13-2p, 2013 WL 621536, at *8. Thus, proper consideration of this opinion was crucial because it was rendered during Mullen's period of abstinence. This is especially true because the ALJ rejected the other medical opinions rendered during that time. *See* Tr. 21 (citing Tr. 375-88); Tr. 28 (citing Tr. 342-46). Moreover, it is very favorable to Mullen that Dr. Choe found him unable to work during a period of abstinence as this contradicts the ALJ's finding that marijuana abuse was a material factor contributing to his disability.

Additionally, the ALJ failed to evaluate the opinion of psychiatrist Herman Szymanski, M.D. ("Dr. Szymanski") (Tr. 447), even though the SSA's regulations require an ALJ to "evaluate every medical opinion [he or she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. §§ 404.1527(c), 416.927(c). Unless a treating source's opinion is given controlling weight, the ALJ

7

must weigh every medical opinion of record considering several factors. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, the ALJ did not give controlling weight to a treating source's opinion and was therefore required to evaluate Dr. Szymanski's opinion. However, the ALJ's decision does not mention that opinion at all. Tr. 24-29. This error is especially harmful because Dr. Szymanski's opinion contradicts the ALJ's finding that Mullen's marijuana use was a material factor contributing to his disability. Tr. 447. In an Individual Progress Note dated July 30, 2013, Dr. Szymanski opined that:

> From the record, it is suggested, on a couple of occasions while [Mullen] was an inpatient, that his psychosis resolved completely after only a few days of medication. This was interpreted as a psychosis due to marijuana abuse. However, there is nothing in the literature that supports that conclusion[.]

*Id.*

Although this opinion indicated that marijuana did not play a role in Mullen's psychotic episodes, the ALJ concluded that marijuana abuse was a material factor contributing to Mullen's disability. The ALJ should have acknowledged and weighed Dr. Szymanski's opinion and reconciled this inconsistency.

For the reasons stated, the Court finds that the ALJ erred by improperly evaluating Dr. Choe's opinion and ignoring Dr. Szymanski's opinion. Based on these opinions and the record as a whole, the Court cannot conclude that the ALJ's DAA finding is supported by substantial evidence. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent

with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 26, 2017
       Rochester, New York

                                    _____
                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court